JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

B 01 - 731

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**United States District Court**
**Southern District of Texas**
**FILED**

**MAY 0 7 2001**

**Michael N. Milby**
**Clerk of Court**

## I (a) PLAINTIFFS

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Cameron**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mr. Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78554
Tel: (956) 428-3030 Fax: (956) 421-4339

ATTORNEYS (IF KNOWN)

Mr. Ricardo Morado
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Tel: (956) 542-5666 Fax: (956) 542-0016

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE
May 7, 2001

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARA LYNN MEYER,** | § | |
| **Plaintiff** | § | |
| | § | **B 01 - 73** |
| **VS.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **AMERICAN BANKERS LIFE** | § | |
| **ASSURANCE COMPANY** | § | |
| **OF FLORIDA** | § | |
| **Defendants** | § | |

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

**I.**

American Bankers Life Assurance Company of Florida is the Defendant in the 107th Judicial District Court of the State of Texas, County of Cameron, in a lawsuit entitled, "*Cara Lynn Meyer vs. American Bankers Life Assurance Company of Florida,*" Cause No. 2001-04-1676-A. A copy of the citation and petition, answer, and docket sheet in that action is attached and constitutes all process, pleading, and orders served in the action.

**II.**

The citation and petition in this action were served on Defendant on April 9, 2001, at Corporation Service Company, 800 Brazos, Austin, Texas. This notice of removal is filed within thirty days of receipt of the petition and it timely filed under 28 U.S.C. §1446(b).

## III.

The District Courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that every Defendant is now and was at the time the action was commenced diverse in citizenship from every Plaintiff. No Defendant is or was at the time the suit was commenced a citizen of the State of Texas.

The Plaintiff, Cara Lynn Meyer has been and is now a citizen of the State of Texas.

American Bankers Life Assurance Company of Florida, the Defendant, is a corporation incorporated under the laws of the State of Florida, having its principal place of business now and at the time this action was commenced at 11222 Quail Roost, Miami, Dade County, in the State of Florida.  Defendant is now and was at the time this action was commenced a citizen of the State of Florida and of no other state.

## IV.

Based on information and belief, Defendant state that the  amount in controversy in this action exceeds, excluding of interest and costs, states the sum of Seventy-five Thousand Dollars ($75,000.00).

## V.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiff and Defendant are diverse in citizenship.

**WHEREFORE**, American Bankers Life Assurance Company of Florida, the Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action from the 107th Judicial

District Court of Cameron County, Texas, to this Court, on this 7th day of May,

2001.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 26
Brownsville, Texas   78520
(512) 542-5666
(512) 542-0016 Fax

**ATTORNEYS FOR DEFENDANT**
AMERICAN BANKERS LIFE
ASSURANCE OF FLORIDA

By: _____
       Ricardo Morado
       Federal Admission No. 1213
       State Bar No. 14417250

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing has been sent by certified, mail, return receipt requested to:

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550

on this 7th day of May, 2001

_____
       Ricardo Morado

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARA LYNN MEYER,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** B-01-73 |
| | § | |
| **AMERICAN BANKERS LIFE** | § | |
| **ASSURANCE COMPANY** | § | |
| **OF FLORIDA** | § | |
| **Defendants** | § | |

## INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION

I.   State Court Documents

    A.   Copy of returned of citation of Defendant American Bankers Life Assurance Company of Florida;

    B.   Certified Copy of Civil Docket Sheet;

    C.   Certified Copy of Return of Citation;

    D.   Defendant's Original Answer;

II.   Federal Court Documents

    A.   Civil Cover Sheet;

    B.   Notice of Removal;

    C.   Notice to Plaintiff of Filing of Removal;

    D.   Notice to the Honorable Judge;

    E.   Certificate of Notice;

    F.   Index of Matters filed;

    G.   List of Counsel of Record.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARA LYNN MEYER,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** _B-01-73_ |
| | § | |
| **AMERICAN BANKERS LIFE** | § | |
| **ASSURANCE COMPANY** | § | |
| **OF FLORIDA** | § | |
| **Defendants** | § | |

## LIST OF COUNSEL OF RECORD

**TO THE CLERK OF THE UNITED STATES DISTRICT CLERK FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:**

**PLAINTIFF:**

CARA LYNN MEYER

**ATTORNEY FOR PLAINTIFF:**

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550
Telephone: (956) 48-3030
Telecopier: (956) 421-4339

**DEFENDANT:**

AMERICAN BANKERS LIFE
ASSURANCE COMPANY
OF FLORIDA

**ATTORNEY FOR DEFENDANT:**

Ricardo Morado
Fed. ID. No. 1213
State Bar No. 14417250

22231/counselofrecord                    1

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas   78520
Telephone:  (956) 542-5666
Telecopier:  (956) 542-0016

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Parties and Attorneys as been forwarded to all counsel of record by certified mail, return receipt requested, to-wit:

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550

on this _____8th_____ day of May, 2001.

_____
Ricardo Morado

22231/counselofrecord                    2

United States District Court
Southern District of Texas
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

MAY 0 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARA LYNN MEYER,<br>**Plaintiff** | §<br>§<br>§ | |
| **VS.** | §<br>§ | CIVIL ACTION NO._____ |
| AMERICAN BANKERS LIFE<br>ASSURANCE COMPANY<br>OF FLORIDA<br>**Defendants** | §<br>§<br>§<br>§<br>§ | |

B 01 - 7 3

## NOTICE TO THE PLAINTIFF OF
## FILING OF NOTICE OF REMOVAL

**TO:   Cara Lynn Meyer, by and through her attorney of record:**

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550

Please take notice that the civil action, in which you are named as plaintiff, brought in the 107th Judicial District Court of the State of Texas, County of Cameron entitled, "Cara Lynn Meyer, Plaintiff, vs. American Bankers Life Assurance Company of Florida, Defendant," Cause No. 2001-04-001676-A, has been removed from that court to the United States District Court for the Southern District of Texas, Brownsville Division, effective today, May 7, 2001. On this day, a Notice of Removal has been filed with the clerk of the state court, effecting removal pursuant to 28 U.S.C. §1446.

plead/22231.ntcplntf.
Page

1

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas   78520
Telephone: (956) 542-5666
Telecopier:  (956) 542-0016

By: _____
Ricardo Morado
State Bar No. 14417250
Federal I.D. No.: 1213

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice to the Plaintiff of Filing of Notice of Removal has been forwarded to all counsel of record by certified mail, return receipt requested, to-wit:

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550

on this 7th day of May, 2001.

_____
Ricardo Morado

CERTIFIED COPY

Cause No. 2001-04-001676-A

FILED 2:10 O'CLOCK M
AURORA DE LA GARZA DIST. CLERK

APR 2 7 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

| | | |
|---|---|---|
| CARA LYNN MEYER | § | IN THE 107TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| AMERICAN BANKERS LIFE | § | CAMERON COUNTY, TEXAS |
| ASSURANCE COMPANY | § | |
| OF FLORIDA | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Defendant in the above entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and would show the Court the following:

### I. -- GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.

By way of affirmative defense, Defendant states that Plaintiff and her husband Glen E. Meyer knowingly or recklessly made a false representation on the application for credit life insurance regarding Mr. Meyer's health, with the intent that Defendant should rely upon it. Defendant relied upon said misrepresentation in that Defendant would not have entered into the alleged contract except for the misrepresentation. Defendant has suffered injury in the form of economic loss from Plaintiff's misrepresentation.

### III.

By way of affirmative defense, Defendant states that the application for insurance contains a good health statement that states "that any misrepresentation

Defendant's Original Answer - Page 1

material to the risk may be used by American Bankers Life Assurance Company of Florida to deny a claim or void this coverage." Defendant further states that Plaintiff and Glen E. Meyer made a misrepresentation material to the risk such that Defendant was entitled to deny the claim or void the coverage.

WHEREFORE, PREMISES CONSIDERED Defendant prays that Plaintiff's Original Petition be dismissed at Plaintiff's cost; and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
210/542-5666 (Telephone)
210/542-0016 (Telecopier)

By: _____
RICARDO MORADO
Texas State Bar #14417250
ATTORNEY FOR DEFENDANT

A TRUE COPY I CERTIFY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5/7/01
BY _____
DEPUTY

material to the risk may be used by American Bankers Life Assurance Company of Florida to deny a claim or void this coverage." Defendant further states that Plaintiff and Glen E. Meyer made a misrepresentation material to the risk such that Defendant was entitled to deny the claim or void the coverage.

WHEREFORE, PREMISES CONSIDERED Defendant prays that Plaintiff's Original Petition be dismissed at Plaintiff's cost; and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
210/542-5666 (Telephone)
210/542-0016 (Telecopier)

By: _____
RICARDO MORADO
Texas State Bar #14417250
ATTORNEY FOR DEFENDANT

A TRUE COPY I CERTIFY'S
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5/7/01
BY _____
DEPUTY

CAUSE NO.:   20001-04-001676-A

| | | |
|---|---|---|
| **CARA LYNN MEYER** | § | **IN THE 107TH JUDICIAL** |
| | § | |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| **AMERICAN BANKERS LIFE** | § | |
| **ASSURANCE COMPANY** | § | |
| **OF FLORIDA** | § | **CAMERON COUNTY, TEXAS** |

---

**NOTICE OF REMOVAL**
**TO THE HONORABLE JUDGE OF THIS COURT**

---

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that Defendant in this action has, pursuant to federal law, filed with the clerk of the United States Court for the Southern District of Texas, Brownsville Division, a Notice of Removal, a copy of which is attached and filed with this document, and that this action is removed to United States District Court for trial as of today, May 7, 2001.  This court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas   78520
Telephone:  (956) 542-5666
Telecopier:  (956) 542-0016


By: _____
Ricardo Morado
State Bar No. 14417250
Federal I.D. No. 1213

RM/Federal/22231/.ntc.hon.judge
05/01

Page 1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal to the Honorable Judge has been forwarded to all counsel of record by certified mail, return receipt requested, to-wit:

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550

on this 7th day of May, 2001.

Ricardo Morado

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARA LYNN MEYER,<br>**Plaintiff** | §<br>§<br>§ | |
| **VS.** | §<br>§ | CIVIL ACTION NO. B 01 - 7 3 1 |
| AMERICAN BANKERS LIFE<br>ASSURANCE COMPANY<br>OF FLORIDA<br>**Defendants** | §<br>§<br>§<br>§<br>§ | |

## CERTIFICATE OF NOTICE OF FILING

The undersigned, attorney of record for American Bankers Life Assurance Company of Florida, certifies that on May 7, 2001, a copy of the Notice of Removal of this action was filed with the clerk of the 107th Judicial District Court of Cameron County, Texas, and that written notice of filing of the Notice of Removal was mailed to all of the parties named above as plaintiffs in this action or to their attorneys of record. Attached to the notices were copies of the Notice of Removal. Removal of this action is effective as of the date, pursuant to 28 U.S.C. §1446.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas   78520
Telephone: (956) 542-5666
Telecopier:  (956) 542-0016

By: _____
Ricardo Morado
State Bar No. 14417250
Federal I.D. No.: 1213

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Certificate of Notice of Filing has been forwarded to all counsel of record by certified mail, return receipt requested, to-wit:

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, Texas 78550

on this _____ day of May, 2001.

Ricardo Morado

Case 1:01-cv-00073   Document 1   Filed in TXSD on 05/07/2001   Page 17 of 41



CERTIFIED COPY

CAUSE NO. 2001-04-001676-A

FILED 1:30 O'CLOCK ___ M
AURORA DE ___ CLERK
APR 04 2001
DISTRICT COURT OF CAMERON COUNTY TEXAS
___ DEPUTY

CARA LYNN MEYER §
§ IN THE 10TH JUDICIAL
§
v. §
§ DISTRICT COURT OF
§
AMERICAN BANKERS LIFE §
ASSURANCE COMPANY §
OF FLORIDA § CAMERON COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT JUDGE:

This is a lawsuit brought by Cara Lynn Meyer (Meyer) against American Bankers Life Assurance Company of Florida (American Bankers) based on the following allegations of fact and law:

### 1.   DISCOVERY CONTROL PLAN – LEVEL TWO

All discovery in this suit will be conducted in accordance with and governed by Rule 190.3 of the Texas Rules of Civil Procedure.

### 2.   PARTIES

2.01.  The Plaintiff is Cara Lynn Meyer, a natural person who resides in Harlingen, Cameron County, Texas.

2.02.  Defendant American Bankers Life Assurance Company of Florida is a foreign corporation engaging in business in this state.   Defendant American Bankers Life Assurance Company of Florida may be served by delivering citation, along with a certified copy of this petition, to its registered agent for service of process:  Corporation Service Company, 800 Brazos, Austin, Texas, 78701.

PLAINTIFF'S ORIGINAL PETITION – Page 1

CtMPDF - www.fesiso.com

3.   **VENUE**

All or substantially all of the events or omissions giving rise to the cause of action which forms the basis of this suit occurred in Cameron County, Texas. Plaintiff also resided in Cameron County at the time this cause of action accrued. Thus, venue is proper in Cameron County, Texas.

4.   **JURISDICTION**

The damages sought by Plaintiff are within the jurisdictional limits of this Court.

5.   **FACTS**

5.01. On or about October 26, 1999 Plaintiff Cara Lynn Meyer and her husband, Glenn Edwin Meyer, met with Texas State Bank Senior Vice President Lilian Lamon in the offices of Texas State Bank-North, 521 N. 77 Sunshine Strip, in Harlingen, Texas.   The Meyers met with Lamon to discuss refinancing of the Meyers' consumer vehicle loan.   Acting on behalf of Texas State Bank, Lamon agreed to refinance the Meyers' vehicle for a three-year term.

5.02. In conjunction with the vehicle refinancing, Lamon offered the Meyers a decreasing term credit life insurance policy designed to pay off the remaining balance on the car loan upon the death of Meyer or her husband.   The Meyers assented to the coverage, which was to be purchased from American Bankers with a single up-front premium included in the total loan amount re-financed by Texas State Bank.   The parties having agreed on the terms of refinancing, Lamon

indicated that she would draw up the necessary documents for the Meyers' signature.

5.03   During the following week Glenn E. Meyer visited Harlingen physician Dr. Joseph Pean.  On or about October 29, 1999 Dr. Pean performed a bronchoscopy and extracted tissue from Mr. Meyer's lungs.  Dr. Pean failed to remove enough tissue for an adequate analysis, so a second bronchoscopy was scheduled for November 5, 1999.  In the interim the Meyers returned to Texas State Bank to execute their loan documents, but the documents had not been prepared.  While meeting with Lamon, the Meyers discussed the fact that Mr. Meyer was undergoing medical testing.   Lamon acknowledged the Meyers' concerns and expressly indicated that there would be no problem with the Meyers' refinancing, including the acquisition of credit life coverage from American Bankers.

5.04   On or about November 4, 1999, the Meyers returned a third time to Texas State Bank to execute the loan documents prepared by Lamon.  The Meyers executed a simple interest note and security agreement for the principal amount of $15,867.27, plus a $304.04 premium for credit life coverage, for a total amount financed of $16,171.61.  A copy of the note and security agreement accompanies Plaintiff's Original Petition as Exhibit A.  The Meyers further executed a credit life schedule/application promulgated by American Bankers Life Assurance Company of Florida, designated policy number 1000088913.  A copy of the credit life policy and its attachments accompanies Plaintiff's Original Petition as Exhibit B.

5.05   The results of Mr. Meyer's second bronchoscopy became available in mid-November 1999.   The test revealed a cancerous mass in Mr. Meyer's lung. Although Mr. Meyer underwent medical treatment which appeared to be entirely successful in eliminating the mass, apparently the disease had spread from Mr. Meyer's lung.  Mr. Meyer ultimately died of cancer on July 17, 2000.

5.06   Meyer reported her husband's death to Danny Buttery, President of Texas State Bank in Harlingen.  Buttery reassured Meyer that there should be no problem with her credit life coverage.   Buttery indicated that Texas State Bank would submit the necessary papers to American Bankers.  Within two weeks after Mr. Meyer died, Meyer delivered a copy of Mr. Meyer's death certificate to Texas State Bank First Vice President Charles Hervey in order to obtain credit life benefits under the American Bankers policy.

5.07   On January 29, 2001 American Bankers denied Meyer's claim for credit life benefits.

## 6.   CAUSES OF ACTION AGAINST DEFENDANT AMERICAN BANKERS LIFE ASSURANCE COMPANY

### A. Breach of Contract

6.01   MEYER is suing AMERICAN BANKERS for breach of contract.   In this connection, MEYER would show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, and with full knowledge that Glenn E. Meyer was undergoing medical testing, agreed to insure the Meyers as consumer loan debtors. The Meyers paid good and valuable consideration to AMERICAN BANKERS for such insurance coverage and AMERICAN BANKERS's refusal to provide coverage

constitutes a breach of contract which was a producing cause of actual damages to MEYER, for which MEYER now sues.

## B. Negligent Misrepresentation

6.02. MEYER is suing AMERICAN BANKERS for negligent misrepresentation. In this connection, MEYER would show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, and with full knowledge that Glenn E. Meyer was undergoing medical testing, supplied false information in the course of its business, that such information was supplied by AMERICAN BANKERS for the guidance of the Meyers in the proposed purchase transaction, that AMERICAN BANKERS failed to exercise ordinary care or competence in obtaining or communicating the information, and that MEYER suffered pecuniary loss proximately caused by justifiably relying on the false information. Specifically, MEYER would show that, when AMERICAN BANKERS sold the insurance policy in question to the Meyers, AMERICAN BANKERS made certain explicit or implicit representations regarding the nature and scope of the coverage provided to MEYER under the policy. AMERICAN BANKERS, through Texas State Bank as its agent/producer, and with full knowledge that Glenn E. Meyer was undergoing medical testing, expressly or impliedly represented that the policy in question would provide coverage in the event that MEYER or Glenn E. Meyer died during the policy term. AMERICAN BANKERS, through Texas State Bank as its agent/producer, and with full knowledge that Glenn E. Meyer was undergoing medical testing, negligently failed to disclose that it would construe the

policy to exclude coverage for the death of Glenn E. Meyer. As a proximate result of such negligent misrepresentation, MEYER has suffered actual pecuniary loss, for which losses MEYER now sues.

### C. Texas Insurance Code

6.03    MEYER is suing AMERICAN BANKERS for violation of Texas Insurance Code, Article 21.21 §§ 4(1). In this connection, MEYER would show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, misrepresented the terms of policy number 1000088913 or the benefits or advantages of such policy. Specifically, MEYER would show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, and with full knowledge that Glenn E. Meyer was undergoing medical testing, expressly or impliedly represented that the policy in question would provide coverage in the event that MEYER or Glenn E. Meyer died during the policy term. AMERICAN BANKERS's violation of Article 21.21 § 4(10) was a producing cause of actual damages to MEYER, for which damages MEYER now sues.

6.04    MEYER is suing AMERICAN BANKERS for violation of Texas Insurance Code, Article 21.21 § 4(10)(ii). MEYER would show that AMERICAN BANKERS failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement at such time as AMERICAN BANKERS's contractual liability to MEYER had become reasonably clear. Specifically, MEYER would show that AMERICAN BANKERS made no attempt to effectuate a prompt, fair, and equitable settlement despite its receipt of prompt and conclusive proof of Glenn E. Meyer's

covered death within the policy term. AMERICAN BANKERS's violation of Article 21.21 § 4(10)(ii) was a producing cause of actual damages to MEYER, for which damages MEYER now sues.

6.05   MEYER is suing AMERICAN BANKERS for violation of Texas Insurance Code, Article 21.21 § 4(10)(iv). MEYER would show that AMERICAN BANKERS failed to provide promptly to MEYER a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of MEYER's claim. Specifically, MEYER would show that approximately six (6) months elapsed between AMERICAN BANKERS's receipt of notice of Glenn E. Meyer's death and AMERICAN BANKERS's denial of MEYER's claim and accompanying explanation. AMERICAN BANKERS's violation of Article 21.21 § 4(10)(iv) was a producing cause of actual damages to MEYER, for which damages MEYER now sues.

6.06   MEYER is suing AMERICAN BANKERS for violation of Texas Insurance Code, Article 21.21 § 4(10)(v). MEYER would show that AMERICAN BANKERS failed within a reasonable time to affirm or deny coverage of MEYER's claim. Specifically, MEYER would show that approximately six (6) months elapsed between AMERICAN BANKERS's receipt of notice of Glenn E. Meyer's death and AMERICAN BANKERS's denial of MEYER's claim. AMERICAN BANKERS's violation of Article 21.21 § 4(10)(v) was a producing cause of actual damages to MEYER, for which damages MEYER now sues.

6.07  MEYER would further show the Court that the conduct of AMERICAN BANKERS, as alleged above, was committed knowingly and that MEYER is thereby entitled to recover an additional award of damages, up to three times the amount of her actual damages, pursuant to the operation of Texas Insurance Code, Art. 21.21 § (16)(b), for which additional damages MEYER now sues.

### D.  Deceptive Trade Practices Act

6.08  MEYER is suing AMERICAN BANKERS for violation of the Texas Deceptive Trade Practices Act ("DTPA"), § 17.46(b).  In this connection, MEYER would show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, represented that the policy had characteristics or benefits which it did not have.  MEYER would further show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, represented that the policy conferred rights, remedies, or obligations which it does not have.  MEYER would further show that AMERICAN BANKERS, through Texas State Bank as its agent/producer, failed to disclose information concerning the nature and scope of coverage under the policy with the intent to induce MEYER to enter into the transaction to purchase insurance.  If such disclosure had been made, MEYER would not have purchased the insurance policy in question.  MEYER would further show the Court that AMERICAN BANKERS's violation of DTPA § 17.46(b) was a producing cause of actual damages sustained by MEYER, for which damages MEYER now sues.

6.09  MEYER is suing AMERICAN BANKERS under DTPA § 17.50(a)(3).  In this connection, MEYER would show that the conduct of AMERICAN BANKERS,

through Texas State Bank as its agent/producer, was unconscionable. In particular, by selling credit life coverage which it did not intend to honor AMERICAN BANKERS took advantage of the lack of knowledge, ability, experience, or capacity of the Meyers to a grossly unfair degree and to their detriment. MEYER would show that she has sustained actual damages as a producing cause of AMERICAN BANKERS's violation of DTPA § 17.50(a)(3).

6.10   MEYER is suing AMERICAN BANKERS under DTPA § 17.50(a)(4). In this connection, MEYER would show that any violation of Article 21.21 of the Texas Insurance Code, as alleged above, is also actionable under the DTPA. MEYER would show that she has sustained actual damages as a producing cause of AMERICAN BANKERS's violations of Article 21.21 of the Texas Insurance Code, for which damages MEYER now sues under the DTPA.

6.11   MEYER would further show the Court that the conduct of AMERICAN BANKERS, as alleged above, was committed knowingly and that MEYER is thereby entitled to recover an additional award of damages, up to three times the amount of its actual damages, pursuant to the operation of DTPA § 17.50(b)(1), for which additional damages MEYER now sues.

6.12   MEYER is also entitled to recover the reasonable and necessary attorney's fees expended in prosecuting this action pursuant to the Texas Insurance Code, DTPA and TEX. CIV. PRAC. & REM. CODE § 38.001 *et. seq.*

7.   **DAMAGES**

Defendant American Bankers is liable to Plaintiff Cara Lynn Meyer for her damages which exceed the minimum jurisdictional limits of this Court.

8.   **CONDITIONS PRECEDENT**

All conditions precedent to the filing of this suit have occurred.

9.   **PRAYER**

WHEREFORE, Plaintiff Cara Lynn Meyer respectfully prays that this matter be set for trial at the first convenience of the Court and that, upon such trial, she have judgment of the Court against Defendant American Bankers for her actual damages alleged herein, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

DATED: *March 29*___, 2001.

Respectfully submitted,

**THE FLEURIET SCHELL LAW FIRM LLP**
621 E. Tyler
Harlingen, Texas  78550
(956) 428-3030
(956) 421-4339 (fax)

By:_____
  Edward E. Robinson
  State Bar No. 17089100

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION – **Page 10**

# JURY DEMAND

TO THE HONORABLE DISTRICT CLERK:

Plaintiff Cara Lynn Meyer hereby demands a jury in this cause.

_Edward E. Robinson_

Edward E. Robinson

A TRUE COPY I CERTIFY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE **5/7/01**
BY _____
DEPUTY

**PLAINTIFF'S ORIGINAL PETITION – Page 11**

CERTIFIED COPY

Cause No. 2001-04-001676-A

FILED 2:10 O'CLOCK ___ M.
AURORA DE LA GARZA DIST. CLERK

APR 2 7 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

| | | |
|---|---|---|
| CARA LYNN MEYER | § | IN THE 107TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| AMERICAN BANKERS LIFE | § | CAMERON COUNTY, TEXAS |
| ASSURANCE COMPANY | § | |
| OF FLORIDA | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Defendant in the above entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and would show the Court the following:

### I. -- GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.

By way of affirmative defense, Defendant states that Plaintiff and her husband Glen E. Meyer knowingly or recklessly made a false representation on the application for credit life insurance regarding Mr. Meyer's health, with the intent that Defendant should rely upon it. Defendant relied upon said misrepresentation in that Defendant would not have entered into the alleged contract except for the misrepresentation. Defendant has suffered injury in the form of economic loss from Plaintiff's misrepresentation.

### III.

By way of affirmative defense, Defendant states that the application for insurance contains a good health statement that states "that any misrepresentation

Defendant's Original Answer - Page 1

material to the risk may be used by American Bankers Life Assurance Company of Florida to deny a claim or void this coverage." Defendant further states that Plaintiff and Glen E. Meyer made a misrepresentation material to the risk such that Defendant was entitled to deny the claim or void the coverage.

WHEREFORE, PREMISES CONSIDERED Defendant prays that Plaintiff's Original Petition be dismissed at Plaintiff's cost; and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
210/542-5666 (Telephone)
210/542-0016 (Telecopier)

By: _____
RICARDO MORADO
Texas State Bar #14417250
ATTORNEY FOR DEFENDANT

A TRUE COPY I CERTIFYS
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5/7/01
BY _____
DEPUTY

Defendant's Original Answer - Page 2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been forwarded to the following:

Edward E. Robinson
THE FLEURIET SCHELL LAW FIRM, L.L.P.
621 E. Tyler
Harlingen, TX 78550

on this the ___27th___ day of April, 2001.

Ricardo Morado

Defendant's Original Answer - Page 3

| | | |
|---|---|---|
| **TEXAS STATE BANK**<br>521 N. 77 SUNSHINE STRIP<br>HARLINGEN, TX 78550-5777 | GLENN EDWIN MEYER<br>CARA LYNN MEYER<br>1609 N PARKWOOD<br>HARLINGEN, TX 78550 | **ACCOUNT #** 710677<br>Loan Number .88913<br>Date NOVEMBER 4, 1999<br>Maturity Date NOV. 4, 2002<br>Loan Amount $ 16,171.61<br>Renewal Of RNWL/#88913 |

**LENDER'S NAME AND ADDRESS**
"You" means the Lender, its successors and assigns.

**BORROWER'S NAME AND ADDRESS**
"I" includes each Borrower above, jointly and severally.

SSN. #: 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

TERMS FOLLOWING A ☐ APPLY ONLY IF CHECKED

**NOTE** - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: SIXTEEN THOUSAND ONE HUNDRED SEVENTY ONE AND 61/100* * * * * * * * * * * * * * * * * * * * * * * * * * Dollars $ 16,171.61

plus interest from NOVEMBER 4, 1999 at the rate of 10.000 % per year until NOVEMBER 4, 2002

☐ **ADMINISTRATIVE FEE** - I also agree to pay a nonrefundable fee of $ _____ , that will be ☐ paid in cash. ☐ paid pro rata over the loan term.

**PAYMENTS** - I will pay this note as follows:

(a) ☒ in 36 payments. The first payment will be in the amount of $ 521.85 and will be due DECEMBER 4, 1999
A payment of $ 521.85 will be due on the 4TH day of each MONTH thereafter.
The final payment of the entire unpaid balance of principal and interest will be due NOVEMBER 4, 2002

(b) ☐ (other) _____

**INTEREST** - Interest accrues on a ACTUAL/365 basis.

☒ **LATE CHARGE** - If my payment is late, I will be charged 5.000% OF THE AMOUNT OF THE PAYMENT AFTER 10 DAYS

**POST-MATURITY INTEREST** - Interest will accrue at the rate of 18.000 % per year on the principal balance of this note not paid on the date of the last

scheduled payment of principal. Interest will accrue at a rate of 18.000 % per year on the balance of this note from the date we accelerate the maturity of this note and demand immediate payment in full.

**THE PURPOSE OF THIS LOAN IS** - CONSUMER: REFINANCE VEHICLE

**SECURITY** - You have certain rights that may affect my property as explained on page 2. This loan ☒ is ☐ is not further secured.

(a) ☐ This loan is secured by _____ , dated _____

(b) ☒ **Security Agreement** - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on page 2 of this agreement.

C/T 1997 LINCOLN TOWN CAR VIN:# _____

This Property will be used for PERSONAL purposes.

| **ANNUAL PERCENTAGE RATE**<br>The cost of my credit as a yearly rate. | **FINANCE CHARGE**<br>The dollar amount the credit will cost me. | **AMOUNT FINANCED**<br>The amount of credit provided to me or on my behalf. | **TOTAL OF PAYMENTS**<br>The amount I will have paid when I have made all scheduled payments. | I have the right to receive at this time an itemization of the Amount Financed. |
|---|---|---|---|---|
| 10.005 % | $ 2,614.99 | $ 16,171.61 | $ 18,786.60 | ☒ YES - I want an itemization.<br>☐ NO - I do not want an itemization. |

**My Payment Schedule is:**

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 36 | $ 521.85 | MONTHLY BEGINNING DECEMBER 4, 1999 | "e" means an estimate. |
| | $ | | $ _____ Filing Fees |
| | $ | | $ _____ Nonfiling Insurance |
| | $ | | |

**Security** - I am giving a security interest in:
☐ the goods or property being purchased.
☐ collateral securing other loans with you may also secure this loan.
☐ my deposit accounts and other rights to the payment of money from you.
☒ (brief description of property) '97 LINCOLN

☐ **Required Deposit** - The annual percentage rate does not take into account my required deposit.

☒ **Late Charge** - If my payment is late, I will be charged 5.000% OF THE AMOUNT OF THE PAYMENT AFTER 10 DAYS

**Prepayment** - If I pay off this note early, I will not have to pay a penalty.

☐ If I pay off this note early, I will not be entitled to a refund of part of the Administrative Fee.

I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE** - Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | | |
| Credit Disability | | |
| Joint Credit Life | $ 304.34 | 36 MOS |

☐ do ☐ do not want credit life insurance.
☐ do ☐ do not want credit disability insurance.
☐ do ☐ do not want joint credit life insurance.
☐ do ☐ do not want _____ insurance.

**ITEMIZATION OF AMOUNT FINANCED**

AMOUNT GIVEN TO ME DIRECTLY . $ _____
AMOUNT PAID ON MY (LOAN) ACCOUNT . $ 15,867.27
$ _____

**AMOUNTS PAID TO OTHERS ON MY BEHALF:**
to Insurance Companies $ 304.34
to Public Officials $ _____
$ _____
$ _____
$ _____
$ _____

(less) PREPAID FINANCE CHARGE(S) $ _____

**Amount Financed** $ 16,171.61
(Add all items financed and subtract

DOB 07/05/49

## ADDITIONAL TERMS OF THE NOTE

**DEFINITIONS** - "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW** - This note and agreement securing this note will be governed by the laws of the State of Texas. The federal Truth-in-Lending disclosures on page 1 are, other than the Amount Financed, disclosures only and are not intended to be terms of this agreement. If property securing this payment of this note is located in another state, the security agreement may in some circumstances, be governed by the law of that state.

To the extent permitted by law, the terms of this note and security agreement may vary applicable law. If any provision of applicable law may not be varied by agreement, any term of this note and security agreement that does not comply with that law will not be effective. If any part of this note or security agreement cannot be enforced, that fact will not affect the rest of the terms of this note or security agreement.

In particular, this section means (among other things) that I do not agree or intend to pay, and you do not agree or intend to charge or collect, any amount in the nature of interest or fee for this loan, which would in any way event (including demand, prepayment, or acceleration) cause you to charge or collect more for this loan than the maximum you would be permitted by state or federal law (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance, and, when the principal has been paid in full, refunded to me.

Any change to this note or any agreement securing this note must be in writing and signed by you and me.

**PAYMENTS** - Each payment I make on this loan will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.

**PREPAYMENT** - I may repay this loan in whole or in part at any time without penalty. If I prepay in part, I must still make each later payment in the original amount as it becomes due until this note is paid in full.

**ACCRUAL METHOD** - The amount of interest that I will pay on this loan will be calculated using the interest rate and accrual method stated on page 1 for interest calculation, the accrual method will determine the number of days in a year. If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.

**DEFAULT** - I further agree that the following are additional terms and conditions of this loan agreement and that if one or more of the following occur I will be in default.

(a) I fail to make a payment in full when due;
(b) I die, terminate or dissolve my business, or am involved in any insolvency proceedings brought by or against me;
(c) I fail to keep collateral securing this note insured, if required;
(d) Any Property securing this note is substantially damaged, destroyed or stolen;
(e) I use any Property in violation of any rule, regulation or government order;
(f) Any Property securing this note is confiscated by any government authorities;
(g) A judgment or tax lien is filed against me or an attachment or garnishment is issued against any of my property or rights, specifically including the commencement of any action, suit or proceeding to seize any of my funds on deposit with you;
(h) I make any written statement or provide any financial information that is untrue or inaccurate at the time it is given;
(i) I permit any other lien holder to gain priority over the lien or security interest which you have in the Property, if any, securing this note;
(j) Acceleration of the maturity of any other debt I have with any of my other creditors;
(k) A judgment against me becomes final; or,
(l) I fail to keep any promise I have made in connection with this note.

If any of us are in default on this note or any security agreement, you may exercise your remedies against any or all of us.

**REMEDIES** - If I am in default on this loan or any agreement securing this loan, you may:

(a) Make unpaid principal, earned interest and all other agreed charges I owe you under this loan immediately due;
(b) Use the right of set-off as explained below;
(c) Demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy;
(d) Make a claim for any and all insurance benefits or refunds that may be available on my default; and
(e) Use any remedy you have under state or federal law.

By choosing any one or more of these remedies you do not give up your right to use any other remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it happens again.

**COSTS OF COLLECTION AND ATTORNEYS' FEES** - I agree to pay you reasonable amounts you actually incur in collecting this debt for attorneys' fees (if assessed by a court) and court costs.

**SET-OFF** - I agree that you may set off any amount due and payable under this note against any right I have to receive money from you.

"Right to receive money from you" means:
(a) Any deposit account balance I have with you;
(b) Any money owed to me on an item presented to you or in your possession for collection or exchange; and
(c) Any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note.

If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**OTHER SECURITY** - Any present or future agreement securing any other debt I owe you also will secure the payment of this loan. Property securing another debt will not secure this loan if such property is my principal dwelling and you fail to provide any required notice of right of rescission. Property securing another debt will not secure this loan to the extent such property is in household goods. Also, if the property securing another debt is real estate, it will not secure this loan.

**OBLIGATIONS INDEPENDENT** - I understand that my obligation to pay this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this loan.

## ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**SECURED OBLIGATIONS** - This security agreement secures this loan (including all extensions, renewals, refinancings and modifications) and any other debt I have with you now or later. Property described in this security agreement will not secure other such debts if you fail to give any required notice of the right of rescission with respect to the Property. Also, this security agreement will not secure other debts if this security interest is in household goods and the other debt is a consumer loan. This security agreement will terminate when I am no longer indebted to you under the terms of the note portion of this document, or any other obligation secured by this agreement.

For the sole purposes of determining the extent of a purchase money security interest arising under this security agreement:
(a) Payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the purchase money loan; and
(b) Payments on the purchase money loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items were acquired.

No security interest will be terminated by application of this formula. "Purchase money loan" means any loan the proceeds of which, in whole or in part, are used to acquire any property securing the loan and all extensions, renewals, consolidations and refinancings of such loan.

**PROPERTY** - The word "Property," as used here, includes all property that is listed in the security agreement on page 1. If a general description is used, the word Property includes all property fitting the general description. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from the Property. Property does not mean consumer goods that are acquired later that are not installed in or affixed to other Property if I do not obtain rights in them within 10 days after you and I enter into this loan agreement.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - Unless a co-owner(s) of the Property signed a third party agreement, I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to protect your interest and keep your priority. I will not do anything to harm your position.

I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing.

I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the Property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

**INSURANCE** - If required, I agree to buy insurance on the Property against the risks and for the amounts you require. I will name you as loss payee on any such policy. You may require added security on this loan if you agree that insurance proceeds may be used to repair or replace the Property. I agree that if the insurance proceeds do not cover the amount I still owe you, I will pay the difference. If I buy the required insurance (rather than furnishing it through existing policies that I own or control) I will buy it from a company that is authorized to do business in Texas. I will keep the insurance until all debts secured by this agreement are paid.

**DEFAULT AND REMEDIES** - If I am in default, in addition to the remedies listed in the note portion of this document, you may (after giving notice and waiting a period of time, if required by law):
(a) Pay taxes or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to this loan and accrue interest on that amount at the interest rate disclosed on page 1 until paid in full;
(b) Require me to gather the Property and any related records and make it available to you in a reasonable fashion;
(c) Take immediate possession of the Property, but in doing so you may not breach the peace or unlawfully enter onto my premises. You may sell, lease or dispose of the Property as provided by law. You may apply what you receive from the sale of the Property to amounts you actually expend for the repossession, storing, preparing for sale and selling the Property, and then to the debt. If what you receive from the sale of the Property is less than what I owe you, you may take me to court to recover the difference (to the extent permitted by law); and
(d) Keep the Property to satisfy the debt (when provided by law).

I agree that when you must give notice to me of your intended sale or disposition of the Property, to the extent permitted by law, the notice is reasonable if it is sent to me at my last known address by first class mail 10 days before the intended sale or disposition. My current address is on page 1. I agree to inform you in writing of any change in my address.

**FILING** - A copy of this security agreement may be used as a financing statement when allowed by law.

### THIRD PARTY AGREEMENT

For the purposes of the provisions within this enclosure, "I," "me" or "my" means the person signing below and "you" means the Lender identified on page 1.

I agree to give you a security interest in the Property that is described on page 1. I agree to the terms of this note and security agreement but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, or renew or change this note or any security agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I HAVE RECEIVED A COMPLETED COPY OF THIS NOTE AND SECURITY AGREEMENT.

NAME _____

X _____

### NOTICE TO THE COSIGNER

You (the cosigner) are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection

CARA LYNN MEYER
1609 N PARKWOOD
HARLINGEN, TX 78550

**BORROWER'S NAME AND ADDRESS**
"I" includes each borrower above, jointly and severally.

TEXAS STATE BANK
521 N. 77 SUNSHINE STRIP
HARLINGEN, TX 78550-5777

**LENDER'S NAME AND ADDRESS**
"You" means the lender, its successors and assigns.

| | |
|---|---|
| ACCOUNT # : 710677 | |
| Loan Number | 88913 |
| Date | NOVEMBER 4, 1999 |
| Mat. Date | NOVEMBER 4, 2002 |
| Loan Amount $ | 16,171.61 |
| Renewal of | RNWL/#88913 |

I hereby authorize and request the following disbursement from the loan referenced above:

| | | | |
|---|---|---|---|
| a. Amount given to me directly | $ | j. | $ |
| b. Amount paid on my account (# _____ ) | $ 15,867.27 | j. | $ |
| c. To Lender | $ | k. | $ |
| Amounts paid to others on my behalf: | | l. | $ |
| d. To Property Insurance Company | $ | m. | $ |
| e. To Credit Life Insurance Company | $ 304.34 | n. | $ |
| f. To Disability Insurance Company | $ | o. | $ |
| g. To Public Officials | $ | p. | $ |
| h. TO LENDER | $ | q. | $ |

Comments: COLLECT INTEREST DUE $78.24

X _Glenn E. Meyer_
GLENN EDWIN MEYER

X _Cara Lyn Meyer_
CARA LYNN MEYER

Loan Officer: _____

© 1986 BANKERS SYSTEMS, INC., ST. CLOUD, MN 56301 FORM DA 8/13/86

*(page 1 of 1)*

# AMERICAN BAN[ ]ERS LIFE ASSURANCE COM[ ]ANY OF FLORIDA

Administrative Office: P.O. Box 901045, Fort Worth, Texas 76101
(hereinafter called The Company)

| LOAN NO. 1000088913 | SCHEDULE/APPLICATION | | | | POLICY NO. 1000088913 |

| INSURED DEBTOR'S NAME<br>GLENN EDWIN MEYER | DOB<br>07/05/40 | AGE**<br>59 | SOCIAL SECURITY NO.*<br>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 | INSURED DEBTOR'S ADDRESS<br>1609 N PARKWOOD |
| INS. JOINT DEBTOR'S NAME (IF ANY) (Life Only)<br>CARA LYNN MEYER | DOB<br>11/30/43 | AGE**<br>55 | SOCIAL SECURITY NO.*<br>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 | HARLINGEN, TX 78550 |
| ACCT. NO.<br>1026-034 | CREDITOR BENEFICIARY<br>TEXAS STATE BANK | | | SECOND BENEFICIARY, DEBTOR'S ESTATE<br>OR ☐ ESTATE |

| NUMBER OF ODD DAYS IN LOAN | SUBSTANTIALLY EQUAL PERIODIC PAYMENT: | MONTHLY [XX] | QUARTERLY [ ] | SEMI-ANNUAL [ ] | ANNUAL [ ] |

| TYPE OF COVERAGE | EFFECTIVE DATE OF INS. | TERM IN MONTHS (MAXIMUM) | EXPIRATION DATE OF INSURANCE | INITIAL AMOUNT OF INSURANCE | INSURANCE REDUCTION | SINGLE PREMIUM FOR TERM |
|---|---|---|---|---|---|---|
| **DECREASING TERM LIFE** SINGLE ☐ JOINT [XX]<br>(Maximum Total Coverage on One Life is $150,000) | 11/04/99 | (120 Mos.)<br>36 | 11/04/02 | $ 18,786.60 | $ 521.85 | $ 304.34 |
| **LEVEL TERM LIFE** (Residual) SINGLE ☐ JOINT ☐<br>(Maximum Total Coverage on One Life is $150,000) | | (120 Mos.) | | | | |
| **NET BALANCE DEC. TERM LIFE** SINGLE ☐ JOINT ☐<br>(Maximum Total Coverage on One Life is $100,000) | | (120 Mos.) | | | | |
| **TOTAL DISABILITY BEN.** (max. $1000/mo. for 0-60 mos.)<br>(max. $500/mo. for 61-120 mos.)<br>BEGIN ON THE _____ DAY OF DISABILITY IF THE INSURED IS DISABLED CONTINUOUSLY FOR _____ DAYS. (MAX. AGE 65) | | (120 Mos.) | | | MONTHLY BENEFIT | |

| PLEASE COMPLETE FOR NET BALANCE ONLY | TOTAL AMOUNT FINANCED (INCLUDING PREMIUM) | APR 10.000% | TERM OF LOAN 36 MOS. |

*SOCIAL SECURITY NUMBER IS NOT REQUIRED TO OBTAIN INSURANCE
Certification and signature(s) are necessary for: ALL AGES, ALL AMOUNTS.                    **(Max. 65)

I CERTIFY THAT I AM: IN GOOD HEALTH; UNDER 66 YEARS OF AGE; AND THAT I HAVE NOT BEEN DIAGNOSED OR TREATED BY A PHYSICIAN AS HAVING OR BEEN A PATIENT IN A HOSPITAL WITHIN THE PAST TWENTY-FOUR (24) MONTHS FOR ANY IMPAIRMENT OR DISEASE OF: 1) THE HEART OR CIRCULATORY SYSTEM; 2) THE LUNGS OR RESPIRATORY SYSTEM; 3) THE STOMACH OR DIGESTIVE SYSTEM; 4) THE BRAIN OR NERVOUS SYSTEM; OR FOR 5) CANCER OR ANY MALIGNANT DISEASE; OR 6) ACQUIRED IMMUNE DEFICIENCY SYNDROME OR ANY AIDS RELATED DISEASE; AND IF APPLYING FOR DISABILITY COVERAGE; 7) DISEASE OR INJURY OF THE SPINE, BACK OR NECK; 8) MENTAL OR NERVOUS DISORDERS; OR 9) DRUG ADDICTION OR ALCOHOLISM; AND AM GAINFULLY EMPLOYED ON A FULL-TIME BASIS.

IS THIS STATEMENT TRUE?     YES [✓]  NO [ ]     YES [✓]  NO [ ]
INITIALS OF:  Debtor Applicant          Joint Debtor Applicant

I FURTHER CERTIFY THAT I HAVE READ THE STATEMENT SET FORTH ABOVE AND THAT TO THE BEST OF MY KNOWLEDGE IT IS TRUE. I UNDERSTAND THAT ANY MISREPRESENTATION MATERIAL TO THE RISK MAY BE USED BY AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA TO DENY A CLAIM OR VOID THIS COVERAGE.

_____          _____          _____
Insured Debtor                          Joint Second Debtor (Spouse or Business Partner)          Date

**WARNING: THIS INSURANCE MAY NOT BE ENOUGH TO COMPLETELY PAY OFF YOUR LOAN.**

10845-AHO(93)-TX(3.53)-1-E                                                                                      BSI

## LIFE INSURANCE

In accordance with and subject to the provisions and conditions set forth hereafter, we will pay the benefit to the beneficiary when we receive proof of an insured's death. "Proof" means: a certified copy of the death certificate; or death decreed by a court order. All death claims will be paid no later than two months after receipt of due proof and the right of the claimant to the proceeds.

Joint Life Insurance: We insure two lives, the insured debtor's and the joint debtor's. Joint debtor's can only be spouses or business partners who are jointly and severally liable for repayment of a single indebtedness by reason of having jointly signed the contract of indebtedness. Only one death benefit will be paid. The death of either insured will end the insurance on the other. If they die at the same time, the benefits will be paid for the first insured debtor only.

Level Term Life Benefit: The benefit is the Initial Amount of Insurance shown in the Schedule.

Decreasing Term Life Benefit: The benefit is the Initial Amount of Insurance shown in the Schedule until the first payment due date. Then it reduces on each scheduled payment date by the amount of the Insurance Reduction.

Net Balance Decreasing Term Life: Except as limited herein, the amount of insurance in force on the insured debtor for the first month beginning with the Effective Date of Insurance shall be the Initial Amount of Insurance shown above. Thereafter, the insurance in force at any time during the term of insurance shall be equal to the scheduled unpaid balance of indebtedness plus one month's interest; provided, however if the Initial Amount of Insurance is less than the Total Amount Financed, the insurance in force at any time during the term of insurance shall be equal to the then scheduled unpaid balance plus one month's interest of the Total Financed times the ratio of the Initial Amount of Insurance to the Total Amount Financed.

Suicide Exclusion: No benefit will be paid if an insured commits suicide: (a) while sane or insane; (b) within two years of the date of issue. We will refund all premiums paid.

**Exclusions:** No benefits will be paid for disability caused by: 1. intentionally self-inflicted injury; 2. normal pregnancy or childbirth; or 3. preexisting illness (See Definitions).

**Definitions:**

"Disabled" or "disability," during the first twelve consecutive months of disability, means the insured is unable to perform the essential and customary duties of his occupation at the time of the disability. After the first twelve consecutive months of disability, disability means the insured is unable to perform the regular duties of any occupation that he is reasonably qualified for by education, training, or experience.

Disability shall be computed from the first visit of the physician.

"Preexisting illness" means a disease, illness, or physical condition: 1. which within 6 months before the effective date required the insured to receive health care; and 2. which caused disability within 6 months after the effective date. Disability from a preexisting illness commencing or recommencing 6 months after the effective date will be covered.

**Written notice and Proof of Loss:** Written notice of loss must be given to us within thirty days after the loss occurs. Notice given by or in behalf of the debtor to us at our Administrative Office or to any of our authorized agents, with particulars sufficient to identify the debtor, shall be deemed to be notice to us. Upon receipt of such notice, we will furnish to the debtor, or to the Creditor for delivery to the debtor, forms for filing proofs of loss. If the debtor does not receive such forms within fifteen days after the receipt of such notice, the debtor shall be deemed to have complied with the requirement of the policy as to proof of loss upon submitting, within the term fixed in the policy as to proofs of loss written proof covering the occurrence, character and extent of the loss for which claim is made. All death claims will be paid no later than two months after receipt of due proof and the right of the claimant to the proceeds. Disability claims will be paid immediately upon proof of loss. Only misstatement of age can be used as a basis for reduction, termination or denial of a claim. Written proof of loss must be furnished to us at our Administrative Office within ninety days after the date for which claim is made.

Failure to give such timely notice of proof shall not invalidate any claim if it shall be shown that such notice and proof were given as soon as was reasonably possible.

**Legal Actions:** No legal action may be brought by the insured to recover on this insurance within 60 days after written proof of disability has been given. No such action may be taken after 3 years from the time proof of disability is given.

## GENERAL PROVISIONS

**General Definitions:**

"Insured" means: 1. For Single Life and Total Disability - the insured debtor; or 2. For Joint Life - the insured debtor and the joint debtor. If the debt arises under a lease, "Insured" includes "Lessee."

"Creditor" means: the creditor beneficiary. If the Debt arises under a lease, "Creditor" includes "Lessor."

"We," "us," and "our" refer to American Bankers Life Assurance Company of Florida.

**Consideration:** The insurance is afforded the insurance: 1. that is checked in the Schedule; and 2. if the premium has been paid.

**Beneficiary:** The benefits will be paid to the creditor to pay off or reduce an insured's debt. If the benefits are more than the unpaid balance, the excess will be paid by separate Company check or draft of the insurer to: 1. for disability benefits, the insured, if living; or 2. the second beneficiary named by an insured, if any; or 3. the insured's estate.

**Eligibility age limits:** To be eligible for this insurance, the insured must, on the effective date: 1. be indebted to the creditor; and 2. with respect to life insurance, not have reached his 66th birthday; and 3. with respect to total disability insurance, not have reached his 66th birthday.

**Misstatement of age:** Our liability is limited to a refund of all premiums when the insured: 1. misstated his age; and 2. on the effective date has reached the maximum age. If coverage is inadvertently issued to a debtor who correctly stated his age and is not eligible, we have the right, within 90 days of the effective date of coverage, to terminate the coverage and refund the premium, provided the termination and appropriate refund have been made prior to the incurred date of a claim; otherwise the coverage remains in full force.

**Incontestability:** We will not contest this insurance, after it has been in force for two years from the date of issue. All statements made by the insured are deemed representations, not warranties. No material misstatement made by the insured in the application for the policy during the contestable period, unless the misstatement is contained in a written statement signed by the insured, and a copy of the statement is furnished to the insured or to his beneficiary. Fraudulent misstatements regarding credit disability coverage may be contested without regard to the two year limitation.

**Term of insurance:** The term of this insurance shall begin on the effective date. The term shall end, without prejudice to any claim which occurred prior to such termination, on the sooner of the: 1. scheduled maturity date of the debt; or 2. expiration date shown in the Schedule; or 3. end of the maximum term shown in the Schedule; or 4. date the debt is repaid, renewed, or refinanced. In case of termination of life insurance by death of an insured, the life insurance premium paid or then due and payable to the Company is earned, and no refund is required. In such instance, disability insurance premium is unearned and shall be refunded.

**Refunds:** Upon termination of either the insurance or the debt, any unearned premium: 1. will be paid or credited promptly to the insured; and 2. will be computed by: a. for decreasing term life - the "Rule of 78's"; or b. for level term life - the "pro rata" rule; or c. net balance decreasing term life - the "Rule of Anticipation"; or d. for total disability - the mean between "Rule of 78's" and "pro-rata" or the "Rule of Anticipation". No charge will be made for the first 15 days of a loan month. For 16 days or more, a full month will be charged. No refund or credit shall be made if the amount is less than one dollar. In the event coverage is issued in excess of the limits indicated for the policy, we have the right within 90 days of the effective date of coverage, to reduce the excess coverage and refund the charge for the excess insurance, provided the adjustment and refund is made prior to the incurred date of a claim; otherwise the coverage remains in force as originally issued.

**Entire contract:** The entire contract consists of the: 1. policy; and 2. insured's schedule/application.

**Modification of contract:** No agent can change this policy or alter its terms. Changes can be made only by written endorsement signed by our president or secretary.

**Conformity with state statutes:** This policy, on its effective date, is amended to comply with the statutes of the jurisdiction where it is issued.

| IMPORTANT NOTICE | AVISO IMPORTANTE |
|---|---|

To obtain information or make a complaint:

You may call the Company's toll-free telephone number for information or to make a complaint at:

### 1-800-334-9282

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

### 1-800-252-3439

You may write the Texas Department of Insurance:
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY OR CERTIFICATE:** This notice is for information only and does not become a part or condition of the attached document.

---

Para obtener información o para someter una queja:

Usted puede llamar al número de teléfono gratis de la Compañia para información o para someter una queja al

### 1-800-334-9282

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas al:

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas:
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con la compañía primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento. (TDI)

**UNA ESTE AVISO A SU POLIZA O CERTIFICADO:** Este aviso es solo para propósito de información y no se convierte en parte o condición del documento adjunto.

---

## DETACH AND HAND TO APPLICANT PRIOR TO COMPLETION OF THIS APPLICATION.

**COMPLAINT NOTICE**

# CONSUMER BILL OF RIGHTS
## FOR
## CREDIT LIFE, CREDIT DISABILITY & INVOLUNTARY UNEMPLOYMENT INSURANCE

AVISO: Este documento plantea sus derechos como asegurado. Usted tiene el derecho de llamar a su compania y pedirle una copia en expanol de sus dereshos como asegurado.

## Introduction

This Bill of Rights is a summary of your rights and does not become a part of your policy. The Texas Department of Insurance adopted the Bill of Rights and requires insurance companies to provide you with a copy when they issue you a policy.

Texas and federal law give you certain rights regarding credit life, credit disability (also called credit accident and health) and involuntary unemployment insurance. This Bill of Rights identifies your most important rights, but it does not include all your rights. Also, there are some exceptions to the rights listed here. If your creditor, seller, agent, company, or adjuster tells you that one of these rights does not apply to you, contact the Texas Department of Insurance at 1-800-252-3439.

This Bill of Rights does not address your responsibilities. Your responsibilities concerning your insurance can be found in your policy. Failure to meet your obligations may affect your rights.

## Information

1. You have the right to call the Texas Department of Insurance free of charge at 1-800-252-3439 to learn more about:
   * your rights as an insurance consumer;
   * the license status of an insurance company or agent;
   * an insurance company's financial condition;
   * the complaint ratio and type of consumer complaints filed against an insurance company;
   * an insurance company's rate as compared to the maximum rate set by the State; and
   * other consumer concerns.

2. You have the right to a toll-free number to call your insurance company free of charge with questions or complaints. You can find this number on a notice accompanying your policy or certificate. This requirement does not apply to small insurance companies.

## Buying Insurance

3. You have the right to a written notice clearly stating whether you are required to provide insurance in order to receive credit, and if so, what type of insurance is required.

4. The total cost of credit means the total dollar amount you have to pay during the term of the loan in order to get a loan. Your creditor must tell you in writing the total cost of credit (finance charge) and the annual percentage rate (APR). If your creditor requires credit insurance, then these figures must include the credit insurance premiums.

5. Your creditor and insurance company cannot make untrue, misleading, or deceptive statements to you relating to insurance.

6. You have the right to use other insurance policies instead of buying credit insurance. For example, you can use a term life policy to satisfy the requirement for credit life insurance. If credit insurance is required, your creditor must tell you about this right before your credit transaction is completed.

7. If your creditor offers to sell you credit insurance, you have the right to be told in writing the full cost of the credit insurance before you buy it.

8. If you buy credit insurance, your creditor must give you a copy of your application for or notice of proposed insurance, a certificate, or policy at the time your loan is made. If you are not given the policy or certificate at the time the loan is made, the insurance company must send you the policy or certificate within 45 days.

   The policy, certificate, application or notice of proposed insurance must include the name and home office address of the insurance company and the amount and term of the policy. The application must also include a brief description of the coverages provided by the policy.

9. The insurance company must use policy forms that have been approved by the Texas Department of Insurance. Rates must also be approved except for:
   * credit life and disability insurance where the term of loan or other credit transaction is more than 10 years;
   * credit insurance on first mortgages and commercial property loans; and
   * credit life and credit disability insurance which is paid for by your creditor.

10. If the premium for your credit insurance has not been fixed or approved by the Texas Department of Insurance, you must be told this in writing.

CR-3201

## IMPORTANT INFORMATION ABOUT COVERAGE UNDER THE TEXAS LIFE, ACCIDENT, HEALTH AND HOSPITAL SERVICE INSURANCE GUARANTY ASSOCIATION

Texas law establishes a system, administered by the Texas Life, Accident, Health and Hospital Service Insurance Guaranty Association (the "Association"), to protect policyholders if their life or health insurance company fails to or cannot meet its contractual obligations. Only the policyholders of insurance companies which are members of the Association are eligible for this protection. However, even if a company is a member of the Association, protection is limited and policyholders must meet certain guidelines to qualify. (The Law is found in the *Texas Insurance Code,* Article 21.28-D.)

**BECAUSE OF STATUTORY LIMITATIONS ON POLICYHOLDER PROTECTION, IT IS POSSIBLE THAT THE ASSOCIATION MAY NOT COVER YOUR POLICY OR MAY NOT COVER YOUR POLICY IN FULL.**

### Eligibility for Protection by the Association

When an insurance company which is a member of the Association is designated as impaired by the Texas Commissioner of Insurance, the Association provides coverage to policyholders who are:
- **residents of Texas** at the time that their insurance company is impaired
- **residents of other states,** ONLY if the following conditions are met:
  1) The policyholder has a policy with a company based in Texas;
  2) The company has never held a license in the policyholder's state of residence;
  3) The policyholder's state of residence has a similar guaranty association; and
  4) The policyholder is not eligible for coverage by the guaranty association of the policyholder's state of residence.

### Limits of Protection by the Association

***Accident, Accident and Health, or Health Insurance:***
- up to a total of $200,000 for one or more policies for each individual covered.

***Life Insurance:***
- net cash surrender value up to a total of $100,000 under one or more policies on any one life; or
- death benefits up to a total of $300,000 under one or more policies on any one life.

***Individual Annuities:***
- net cash surrender amount up to a total of $100,000 under one or more policies owned by one contractholder.

***Group Annuities***
- net cash surrender amount up to $100,000 in allocated benefits under one or more policies owned by one contractholder; or
- net cash surrender amount up to $5,000,000 in unallocated benefits under one contractholder regardless of the number of contracts.

**THE INSURANCE COMPANY AND ITS AGENTS ARE PROHIBITED BY LAW FROM USING THE EXISTENCE OF THE ASSOCIATION FOR THE PURPOSE OF SALES, SOLICITATION, OR INDUCEMENT TO PURCHASE ANY FORM OF INSURANCE.**

**When you are selecting an Insurance company, you should not rely on coverage by the Association.**

Texas Life, Accident, Health and Hospital
Service Insurance Guaranty Association
301 Congress, Suite 500
Austin, Texas 78701
800-982-6362

Texas Department of Insurance
P.O. Box 149104
Austin, Texas 78714-9014
800-252-3439

CR-3205

Citation for Personal Serv͡ e  - BY CERTIFIED MAIL   ͡ ..it. Seq. # 5.002.01

No. 2001-04-001676-A

ORIGINAL

# THE STATE OF TEXAS CERTIFIED COPY

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: AMERICAN BANKERS LIFE ASSURANCE COMPANY
    CORPORATION SERVICE COMPANY
    800 BRAZOS
    AUSTIN, TEXAS 78701

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on APRIL 04, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-04-001676-A.

The style of the case is:

CARA LYNN MEYER
VS.
AMERICAN BANKERS LIFE ASSURANCE COMPANY

Said petition was filed in said court by _____EDWARD E. ROBINSON_____ (Attorney for _____PLAINTIFF_____ ), whose address is 621 E. TYLER HARLINGEN, TEXAS  78550 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 4th day of APRIL , A.D. 2001.

_____AURORA DE LA GARZA_____ , DISTRICT CLERK

CERTIFICATE OF DELIVERY OF MAIL

<table>
<tr><td>

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

</td></tr>
</table>

NAME OF PREPARER            TITLE

ADDRESS

CITY            STATE            ZIP

I hereby certify that on the **4th** of
**APRIL   2001**, I mailed to
AMERICAN BANKERS LIFE ASSURANCE COMPANY

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   **1700890043**
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA          , District Clerk
Cameron County, Texas

By _____ , Deputy

Bolsa Guerrero



A TRUE COPY I CERTIFY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 5/7/01
BY _____
DEPUTY

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Postage                    $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees       $

Postmark
Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
AMERICAN BANKERS LIFE ASSURANCE
Street, Apt. No.; or PO Box No.
800 BRAZOS
City, State, ZIP + 4
AUSTIN, TEXAS  78701

PS Form 3800, February 2000        See Reverse for Instructions

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

**CERTIFIED COPY**

CASE NO. 2001-04-001676-A

| PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| 00464203 | EDWARD E. ROBINSON<br>621 E. TYLER<br>HARLINGEN, TEXAS      78550  0000 | (06)<br><br>BREACH OF CONTRACT |
| YNN MEYER | | |
| VS | HON RICARDO MORADO<br>855 WEST PRICE RD STE 9<br>BROWNSVILLE  TEXAS  78520   ( ATTY XXX FOR DEFT) | |
| IFE ASSURANCE COMPANY | | |

| | DATE OF FILING | |
|---|---|---|
| | MONTH | DAY | YEAR |
| | 04 | 04 | 01 |

FEE $

PAID BY

JURY

**COURT'S DOCKET (Rule 26, TRCP)**

A TRUE COPY I CERTIFY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _5/7/01_
BY _____
DEPUTY