4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **CARA LYNN MEYER,** | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-73 |
| | § | |
| **AMERICAN BANKERS LIFE** | § | |
| **ASSURANCE COMPANY** | § | |
| **OF FLORIDA** | § | |
| **Defendants** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

Response: The meeting of the parties occurred by telephone on June 1, 2001, with Edward E. Robinson representing the plaintiff and Ricardo Morado representing the defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

Response: This case was removed from the 107th Judicial District Court of Cameron County, Texas, where it was assigned Cause No. 2001-04-1676-A.

3. Specify the allegation of federal jurisdiction.

Response: Jurisdiction lies in federal court on the basis of diversity of citizenship of the parties under 28 U.S.C. §1332.

4. Name the parties who disagree and the reasons.

Response: Plaintiff contends that diversity jurisdiction does not exist because the amount in controversy, excluding interest and costs, is less than $75,000.00. Plaintiff intends to file a motion to remand no later than June 6, 2001.

Plaintiff also maintains that Texas State Bank, a non-diverse entity, is a necessary defendant on Plaintiff's claims. The addition of Texas State Bank as a defendant, with the Court's leave, would destroy diversity and necessitate remand.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

Response:  Plaintiff maintains that Texas State Bank is a necessary party defendant.

6.  List anticipated interventions.

Response:  No interventions are anticipated.

7.  Describe class-action issues.

Response:  None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Response:  The parties anticipate exchanging initial disclosures within 30 days.

9.  Describe the proposed agreed discovery plan, including:
    A.  Responses to all the matters raised in Rule 26(f).
    B.  When and to whom the plaintiff anticipates it may send interrogatories.
    C.  When and to whom the defendant anticipates it may send interrogatories.
    D.  Of whom and by when the plaintiff anticipates taking oral depositions.
    E.  Of whom and by when the defendant anticipates taking oral depositions.
    F.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
    G.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:   A.  None.
            B.  Plaintiff anticipates sending interrogatories to defendant American Bankers Life Assurance Company of Florida within 60 days of the scheduling conference.
            C.  Defendant anticipates sending interrogatories to the Plaintiff within 60 days of the scheduling conference.
            D.  Plaintiff anticipates orally deposing a designated representative of American Bankers, as well as other persons who may become known during the course of litigation. Completion of these depositions is expected within 180 days of the scheduling conference.
            E.  Defendant anticipates taking the oral deposition of the Plaintiff and other persons identified during the course of this lawsuit. Completion of these depositions is expected within 180 days of the scheduling conference.
            F.  Plaintiff will depose any expert witness designated by Plaintiff within 180 days of the scheduling conference.

    G.    Defendant will depose any expert witness designated by Plaintiff within 180 days of the scheduling conference.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response:  None

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

Response:  None.

12. State the date the planned discovery can reasonably be completed.

Response:  Within 180 days of the scheduling conference.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Response:  The parties do not foresee any real possibility of prompt settlement.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

Response:  The parties have agreed to keep communication lines open for the purposes of discussing the resolution of this matter.

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

Response:  The parties expect that mediation may be practical after some discovery has been completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Response:  Subject to its contention that diversity jurisdiction is lacking due to an insufficient amount in controversy, and the potential loss of diversity due to the addition of a non-diverse defendant, Plaintiff has no objection to proceeding to trial before a magistrate judge. Defendant has no objection to proceeding to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

Response:  A jury demand has been timely made.

18. Specify the number of hours it will take to present the evidence in this case.

Response: At this time, Plaintiff anticipates requiring a maximum of 3 hours to present her evidence. Defendant anticipates requiring a like amount of time for the presentation of the defense.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Response: Plaintiff's Motion To Remand (to be filed by June 6, 2001).

20. List other motions pending.

Response: None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Response: None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Response:  Ricardo Morado
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666 Telephone
(956) 542-0016 Fax
State Bar No. 14417250
Federal ID# 1213

Edward E. Robinson
The Fleuriet Schell Law Firm, L.L.P.
621 E. Tyler
Harlingen, Texas 78550
(956) 428-3030 Telephone
(956) 421-4339 Fax
State Bar No. 17089100
Federal ID# 11600

_E.E. Robinson, by [signature]_
Counsel for Plaintiff(s)

6-4-01
Date

_[signature]_
Counsel for Defendant(s)

6-4-01
Date