5.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CARA LYNN MEYER, § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-73 |
| § | |
| AMERICAN BANKERS LIFE § | UNOPPOSED |
| ASSURANCE COMPANY § | |
| OF FLORIDA § | |
| *Defendant* § | |

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff Cara Lynn Meyer respectfully seeks an order remanding this action to state court pursuant to 28 U.S.C. § 1447. As explained below, Plaintiff Meyer is entitled to remand because there are insufficient grounds to establish diversity jurisdiction. Specifically, the amount in controversy in this matter is less than $75,000.00, exclusive of interest and costs. The United Stated District Court for the Southern District of Texas, Brownsville Division, therefore lacks subject matter jurisdiction over this dispute and the action must be remanded to the state court from which it was removed by defendant American Bankers Life Assurance Company of Florida.

**I. Background**

1.  In late 1999 plaintiff Meyer and her husband, Glenn Edwin Meyer, sought to refinance their consumer vehicle loan with Texas State Bank. As part of the

refinancing, Texas State Bank Senior Vice President Lilian Lamon offered the Meyers a decreasing term credit life insurance policy designed to pay off the refinanced loan balance upon the death of Meyer or her husband. The Meyers agreed to the credit life coverage, which was to be issued by defendant American Bankers.

2. The Meyers returned to Texas State Bank to execute the refinancing documents, but the documents had not been prepared. The Meyers met with Lamon and explained that Mr. Meyer was awaiting the results of a recent bronchoscopy. Lamon stated that there would be no problem with the Meyers' refinancing, including the acquisition of credit life coverage from American Bankers.

3. The Meyers executed the final loan documents on November 4, 1999. The Meyers' simple interest note and security agreement reflected a principal loan amount of $15,867.27, plus a $304.04 premium for credit life coverage, for a total amount financed of $16,171.61.

4. In mid-November 1999 Glenn Meyer was diagnosed with cancer. Mr. Meyer ultimately died on July 17, 2000.

5. On January 29, 2001 American Bankers denied Meyer's claim for credit life benefits on the ground that the Meyers failed to disclose that Glenn Meyer had been diagnosed or treated for a condition listed on the credit life policy's "good health statement."

PLAINTIFF'S MOTION FOR REMAND - 2

6. Meyer sued American Bankers, a Florida corporation, in the State District Court of Cameron County, Texas, on April 4, 2001. Meyer sought recovery for breach of contract, negligent misrepresentation, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Meyer's complaint alleged that her damages exceeded the minimum jurisdictional limits of the state district court.

7. On May 7, 2001 American Bankers filed a Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. The removal notice was premised on diversity of citizenship among the parties. For purposes of establishing the Court's diversity jurisdiction, American Bankers alleged in its removal notice, on information and belief, that the amount in controversy in Meyer's case, excluding interest and costs, exceeded $75,000.00.

## II. The Action Must Be Remanded Absent A Sufficient Amount In Controversy

8. American Bankers is incorrect in alleging that the amount in controversy in Meyer's case, excluding interest and costs, exceeds $75,000.00. Meyer therefore seeks an order remanding the action to state district court because the amount in controversy in this matter is insufficient to support diversity jurisdiction.

9. The procedure for removal is governed by 28 U.S.C. § 1446. This and all removal statutes are to be strictly construed in favor of remand and against removal. *See, e.g., Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (removal statute should be construed narrowly with any doubt construed against removal).

PLAINTIFF'S MOTION FOR REMAND - 3

The burden of establishing federal jurisdiction rests with the party seeking removal. *See, e.g., Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

10. As courts of limited subject-matter jurisdiction, federal district courts may entertain only cases which are authorized by statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 365, 377 (1994). Original subject matter jurisdiction is established in a diversity case when the action is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. 1332(a). Thus when the amount in controversy in a removed case does not exceed $75,000.00, exclusive of interest and costs, there exists no subject matter jurisdiction and the action must be remanded. This is reflected in 28 U.S.C. § 1447(c), which addresses motions to remand and provides:

> **§ 1447 Procedure after removal generally**
>
> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.** . . .

(emphasis added).

11. A defendant may not rely on conclusory statements to establish jurisdiction on removal. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Therefore, for purposes of removal, "[w]hen specifically contested in a motion to remand, bare allegations by the removing party . . . have been held insufficient to

invest a federal court with jurisdiction." *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds, Marathon Oil Co. v. Rukrgas*, 145 F.3d 211 (5th Cir. 1998). Further, although post-removal events may not extinguish a federal district court's jurisdiction once it has attached, the Fifth Circuit expressly permits consideration of a post-removal affidavit which clarifies any ambiguity regarding federal jurisdiction. *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d at 565. This is because "under those circumstances, the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal." *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d at 565.

### III. The Amount In Controversy Is Less Than $75,000.00

12.  In this instance American Bankers's Notice of Removal alleges, based on information and belief derived from a reading of Plaintiff's Original Petition, that the amount in controversy exceeds $75,000.00. Plaintiff expressly contests this allegation, thus rendering the statement of amount in controversy insufficient to establish diversity jurisdiction. *See Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d at 565.

13.  Plaintiff further disclaims that she is seeking damages against defendant American Bankers which would exceed $75,000.00, exclusive of interest and costs. (*See* Plaintiff's Affidavit, attached as Exhibit 1.) By disclaiming damages beyond the amount of $75,000.00, plaintiff Meyer's affidavit clarifies any ambiguity arising

PLAINTIFF'S MOTION FOR REMAND - 5

from the general damages allegation of the Plaintiff's Original Petition filed in the State District Court of Cameron County, Texas. The affidavit further establishes that diversity jurisdiction does not exist in this matter because the amount in controversy falls below the mandatory minimum amount required by § 1332(a).

14. Because the amount in controversy in this matter is less than the mandatory minimum amount necessary to establish diversity jurisdiction, Plaintiff is entitled to an order remanding the suit to the state district court from which it was removed.

Wherefore, Plaintiff Cara Lynn Meyer requests that the Court enter an order remanding the action to the state court from which it was removed and granting such other relief to which she may be entitled.

Respectfully submitted,

Edward E. Robinson
State Bar No. 17089100
Fed. I. D. No. 11600
Attorney-in-Charge for Plaintiff Meyer
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030   (956)421-4339 (Fax)

OF COUNSEL:
THE FLEURIET SCHELL LAW FIRM LLP
621 E. Tyler
Harlingen, TX 78550
(956) 428-3030   (956)421-4339 (Fax)

ATTORNEYS FOR PLAINTIFF MEYER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was served upon the following counsel of record:

Ricardo Morado
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520

by facsimile and regular mail on this the 6th day of June, 2001.

_____
Edward E. Robinson

PLAINTIFF'S MOTION FOR REMAND - 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARA LYNN MEYER, *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-73 |
| AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA *Defendant* | § § § § | |

### AFFIDAVIT OF CARA LYNN MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

**BEFORE ME**, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **Cara Lynn Meyer**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1. My name is Cara Lynn Meyer. I reside at 1609 N. Parkwood, Harlingen, Texas 78550. I am over the age of eighteen and I am fully competent to make this affidavit. I have personal knowledge of the facts contained herein and they are all true and correct.

2. I have reviewed the factual allegations contained in Plaintiff's Motion to Remand and they are all true and correct.

3. My claims for damages against defendant American Bankers Life Assurance Company of Florida, including attorney's fees but exclusive of interest and costs, do not exceed $75,000.00.

4. Further Affiant sayeth not.

_____
Cara Lynn Meyer

AFFIDAVIT OF CARA LYNN MEYER IN SUPPORT
OF PLAINTIFF'S MOTION FOR REMAND– Page 1

**SUBSCRIBED AND SWORN TO** before me, the undersigned authority, by the said **Cara Lynn Meyer** on the ___6th___ day of June, 2001, to certify which witness my hand and seal of office.

[Seal: IMELDA RODRIGUEZ, Notary Public, STATE OF TEXAS, My Comm Exp 08-16-2003]

_Imelda Rodriguez_
Notary Public in and for
The State of Texas

My Commission Expires: 8-16-03

AFFIDAVIT OF CARA LYNN MEYER IN SUPPORT
OF PLAINTIFF'S MOTION FOR REMAND– Page 2